WILLIAM J. GEDDES
Nevada Bar No. 6984
THE GEDDES LAW FIRM, P.C.
8600 Technology Way, Suite 107
Reno, Nevada 89521
Phone: (775) 853-9455
Fax: (775) 299-5337
Email: Will@TheGeddesLawFirm.com
*Attorneys for Plaintiff Melanie Harmon*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| MELANIE HARMON, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>PREMIER MAGNESIA, LLC, a foreign limited-liability company.<br><br>Defendant. | CASE NO: 3:17-cv-00743-MMD-WGC<br><br>**STIPULATED PROTECTIVE ORDER REGARDING CONFIDENTIALITY** |

I.  **RECITALS**

WHEREAS: the parties to the above-captioned litigation anticipate that discovery will require the parties to produce or disclose records and information (collectively, "Information") that are confidential, proprietary, trade secret, competitively sensitive, and/or personal and sensitive, including because such records are anticipated to include the parties' private employment records and private medical records;

WHEREAS: such Information may be disclosed by written discovery, deposition testimony (to the extent taken), or in other filings with the Court; and

WHEREAS: the parties seek to protect and prevent the improper dissemination of such confidential and private records and information to third parties, during the course of litigation and after the litigation has ended;

II. **STIPLUATION**

THEREFORE: the parties, by and through their respective counsel of record, hereby stipulate and request the Court to approve and enforce this Stipulated Protective Order Regarding Confidentiality

1

("*Stipulated Protective Order*" or "*Order*"), protecting the confidential nature of Information, as follows:

  **A.** **Definition of Confidential Information**

"Confidential Information" is defined herein as: such Information which the designating party believes in good faith constitutes, contains, or reflects personal health information, financial information about a party or other person, personnel information, proprietary, trade secret, and/or competitively sensitive business information, or other information that is not generally known to the public.

  **B.** **Designating Information as Confidential**

  1. If any person or entity, whether or not a party to the instant action, produces or receives answers to interrogatories, requests for admission or production, or documents or other things, which the producing or receiving person or entity considers to be "Confidential Information," as defined herein; or

  2. If there is deposition testimony which any person or entity, whether or not a party to the instant action, believes contains "Confidential Information," as defined herein; or

  3. Third parties produce information which the third-parties assert is "Confidential Information,"

then the following procedure shall govern pursuant to Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 26 (c) *et. seq.*:

  a. Any documents (and the contents thereof), things or information falling within the definition of "Confidential Information," set forth in § II(3)(A)(I) *infra*, that are produced, disclosed, or filed in this litigation may be designated and marked, in whole or in part, without regard to whether redactions are made, "Confidential" by the party producing, disclosing, or filing the documents or information. Such designation shall be made by marking, stamping or typing the word "Confidential" on the face of the original of the document and each page so designated, or on the face of the photocopy of the document, and on the photocopies of each page so designated, except as to documents containing more than twenty-five (25) pages, in which case marking the top page as

"Confidential" will suffice;

b. Any party may designate deposition testimony as "Confidential" by (1) orally making such a designation on the record, with reasonable precision as to the affected testimony, either at the commencement of the deposition, at the time the testimony is given, and/or before the end of that day's questioning, or (2) within seven (7) business days after receipt of the transcript of such deposition or proceeding by sending written notice designating, by page and line, the portions of the transcript of the deposition or other testimony to be treated as Confidential. Following an oral designation on the record, the court reporter shall mark "Confidential" on the transcript or the portion thereof containing the "Confidential" testimony;

c. In addition, any documents (and the contents thereof), things or information falling within the definition of "Confidential Information," that are produced, disclosed, or filed by one party may be designated "Confidential" by the other party, *i.e.*, the receiving party, by:

   i. marking the document, in whole or in part, "Confidential" in the same manner as stated above; and

   ii. then forwarding a copy of the marked document back to the producing party;

In this regard, the receiving party seeking the "Confidential" designation may designate, by number, each document it believes should be "Confidential";

**C.     Challenging a Designation**

Either party may challenge at any time the propriety of a designation of Information as Confidential. Before seeking relief from the Court, the parties shall attempt to resolve the dispute informally and in good faith. If the parties are unable to resolve such dispute, it shall be submitted to the Court. The Information shall be treated as Confidential pending resolution of the challenge.

**D.     No Implied Acknowledgement of Confidentiality.**

Compliance with the terms of this Order, production or receipt of Information designated Confidential, and/or allowing Information to be designated Confidential shall not in any way operate as an admission that any particular Information is Confidential. Failure to challenge the designation of

3

Information as Confidential does not preclude a subsequent challenge. The designation of Information as Confidential does not create a presumption in favor of or against that designation. In the event of a dispute regarding a confidentiality designation, the parties having entered into this *Stipulation* and the existence of the Court's *Order* entered thereon shall not affect the burden of proof on any such motion, nor impose any burdens upon any party that would not exist had this *Stipulated Protective Order* not been entered.

E. **Access to Information Designated Confidential.**

A document or testimony, or portion, summary, or abstract thereof, that is designated "Confidential" pursuant to this *Stipulated Protective Order* is restricted to the following persons:

(1) the parties and their representatives, including in-house counsel,

(2) counsel of record for the parties, attorneys, legal assistants, and stenographic and clerical personnel employed by them,

(3) experts or consultants (including their employees, associates, and/or support staff) who are employed, retained or otherwise consulted by counsel or a party for the purpose of analyzing data, conducting studies, or providing opinions to assist in any way in the litigation. Information designated Confidential that is accessed by experts or consultants shall be limited to documents that the experts or consultants reasonably need to review in their roles as experts or consultants);

(4) Electronic imaging and/or computer litigation support personnel retained by one or more of the parties in this litigation or by the parties' counsel;

(5) The Court and its personnel, including clerks and stenographic reporters who record deposition or other testimony in this litigation;

(6) Outside photocopying services, graphic production services, or litigation support services employed by the parties or their counsel to assist in this litigation, and computer personnel performing duties in relation to a computerized litigation system; and

(7) Any other person to whom the designating party agrees in writing.

Counsel shall inform each person to whom they disclose or give access to the other party's Information designated Confidential of the terms of this Order, as well as the obligation to comply with its terms.

4

**F.     Depositions.**

To the extent depositions occur in this litigation, persons may be deposed regarding Information of which they have knowledge which have been designated Confidential. Any court reporter who transcribes testimony in this action at a deposition shall be made aware, that all testimony containing Confidential Information is and shall remain Confidential and shall not be disclosed except as provided in this Order and that copies of any transcript, reporter's notes or any other transcription records of any such testimony will be retained in absolute confidentiality and safekeeping by such shorthand reporter or delivered to attorneys of record.

**G.     Previously Produced Information.**

This Order does not affect the right of the parties to designate as Confidential any Information which has been produced prior to the entry of this Order. Any disclosure of such Information prior to its designation as Confidential shall not be deemed a violation of this Order. This Order shall not prejudice the right of the parties to designate as Confidential the Information a party has inadvertently produced without the sought designation.

**H.     Filing Documents Under Seal.**

Anyone seeking to file any "Confidential" documents, testimony, or information or any pleadings or memorandum purporting to reproduce or paraphrase all or any portion of such confidential material with this Court must first attempt to make such filings confidentially, by seeking to obtain prior leave of Court for filing the same under seal, in accordance with Local Rule 10-5(b). Notwithstanding any agreement among the parties, the party seeking to file a paper under seal bears the burden of overcoming the presumption in favor of public access to papers filed in Court. *Kamakana v. City and County of Honolulu*, 447 F.2d 1172 (9th Cir. 2006); *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 677-78 (9th Cir. 2010). In the event the Court refuses to allow the filing under seal of such Information designated as Confidential, a party shall still be permitted to file such Information, but it will continue to be treated as Confidential in all other respects, outside of court proceedings. NOTE: If the document is filed electronically, the appropriate protocol for that purpose will be utilized;

**I.     Use of Confidential Information.**

Any documents, testimony, and/or information that has been rendered "Confidential" under the

parties' *Stipulated Protective Order* is to be used only in the above-captioned action, and may not be used in any other action or for any other purpose unless the party seeking to make such use has acquired the documents, testimony, and/or information from a source independent of the above-captioned action. Any person receiving such Information designated as Confidential shall restrict its disclosure to persons authorized to receive the Information designated as "Confidential" pursuant to this Order. A Confidential designation is applicable to all copies and reproductions of any Information. Nothing herein shall be deemed to restrict the right of the producing party to use its own Information that it has designated as Confidential as it chooses.

### J. Conclusion of Proceedings.

Within 45 calendar days of the entry of the final order concluding this judicial proceeding, all "Confidential" documents or things; any copies, summaries, and abstracts thereof; or notes relating thereto, shall be returned to the producing party or destroyed by the receiving party (including by being shredded), at the option of the receiving party, with proof or attestation of such destruction of records being transmitted by the receiving party to the producing party, except as otherwise ordered by the Court or stipulated in writing by the parties. Counsel of record shall obtain return of such information, things, and/or documents from any person to whom that counsel has made available the documents or information produced by the other party designated as "Confidential." Notwithstanding any other language contained in this *Order*, each party's counsel of record shall be allowed to retain for its files a copy of all pleadings, motions, exhibits, or other papers filed and/or lodged with the Court, and of all documents designated by both parties or any non-party as "Confidential" and/or summaries or abstracts thereof (including but not limited to documents of any type prepared by a party and/or counsel that are subject to the attorney-client privilege and/or the attorney work-product doctrine). All such documents and information retained by counsel of record must be maintained in a confidential manner and used only in accordance with this *Order*.

### K. Jurisdiction and Enforcement.

Any person to whom Information designated Confidential is disclosed shall be subject to the jurisdiction of the Court for purposes of determining, assuring, and adjudging such person's compliance with this Order. This jurisdiction shall survive the termination of this litigation. Any party or person

subject to this Order who violates its provisions shall be liable for damages for any injuries or loss suffered by the producing party as a result of such violation.

     **L.**     **Amendments, Reservation of Rights, and Survival.**

This *Stipulated Protective Order* may be amended, without prior leave of the Court, by the agreement of counsel for the parties in the form of a stipulation and order that shall be filed in this case. Nothing in this Order requires either party to produce Information the party believes is privileged or otherwise non-discoverable. Nothing herein shall be construed so as to prevent any party from objecting to any discovery request or to the admission of evidence on any ground, or seeking further protective order(s) or relief from this *Order* at any time; and the parties reserve their rights to assert the confidentiality of documents and information produced irrespective of their production pursuant to this *Stipulated Protective Order*. This Order and the agreement embodied herein shall survive the termination of this litigation and continue in full force and effect.

Dated this 1st Day of June 2018.          THE GEDDES LAW FIRM, P.C.

*/s/ William J. Geddes*

WILLIAM J. GEDDES
Nevada Bar Number 6984
The Geddes Law Firm, P.C.
8600 Technology Way, Suite 107
Reno, Nevada 89521
(775) 853-9455
*Attorneys for Plaintiff Melanie Harmon*

Dated this 1st Day of June 2018.          HOLLAND & HART, LLP

*Electronic Signature Authorized*

/s/ (Rico Cordova, Esq.)
Anthony L. Hall, Esq.
Nevada Bar No. 5977
Ricardo Cordova, Esq.,
Nevada Bar No. 11942
5441 Kietzke Lane, Second Floor
Reno, Nevada 8951 1
Tel: (775) 327-3000; Fax: (775) 786-6179
AHall@hollandhart.com
RNCordova@hollandhart.com
*Attorneys for Premier Magnesia, LLC*

~~ORDER~~

Paragraph H is also governed by *Center for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016).

Paragraph K is modified to reflect that although the parties may agree to be bound by the confidentiality terms of this Order beyond the conclusion of this lawsuit, the dismissal of this action will terminate the jurisdiction of this court.

**IT IS SO ORDERED.**

DATED: June 1, 2018.

_____
UNITED STATES MAGISTRATE JUDGE